AO 245B (Rev. AO 09/11-CAN 12/14) Judgment in Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## Northern District of California

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>Thomas Anthony Turner | ) | **JUDGMENT IN A CRIMINAL CASE** |
| | ) | |
| | ) | USDC Case Number:  CR-14-00322-001 MEJ |
| | ) | BOP Case Number:  DCAN314CR00322-001 |
| | ) | USM Number:  19852-111 |
| | ) | Defendant's Attorney:  Gabriela Bishof (AFPD) |

**THE DEFENDANT:**

[X]  pleaded guilty to count(s):  Two of the Information.

[ ]  pleaded nolo contendere to count(s):  which was accepted by the court.

[ ]  was found guilty on count(s):  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 36 C.F.R. § 1004.23(a)(2) | Operating a Motor Vehicle with a BAC of. 08 or greater | January 18, 2014 | Two |
| | | | |
| | | | |

The defendant is sentenced as provided in pages 2 through  5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s):

[X]  Count(s) One  is dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/5/2015
_____
Date of Imposition of Judgment

_____
Signature of Judge
The Honorable Maria-Elena James
United States Magistrate Judge
Name & Title of Judge

February 13, 2015
_____
Date

AO 245B (Rev. AO 09/11-CAN 12/14) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Thomas Anthony Turner | Judgment - Page 2 of 5 |
| CASE NUMBER:  CR-14-00322-001 MEJ | |

# PROBATION

The defendant is hereby sentenced to probation for a term of: <u>4 years.</u>

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

[ ]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if*

[ ]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

[ ]   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

[ ]   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

# STANDARD CONDITIONS OF SUPERVISION

1)   The defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   The defendant shall support his or her dependents and meet other family responsibilities;

5)   The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. AO 09/11-CAN 12/14) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Thomas Anthony Turner | Judgment - Page 3 of 5 |
| CASE NUMBER:  CR-14-00322-001 MEJ | |

# SPECIAL CONDITIONS OF SUPERVISION

1.      The defendant shall pay any fine and special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of probation.

2.      The defendant shall complete an approved alcohol assessment and treatment program if deemed appropriate by the Probation Officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

3.      The defendant shall participate in the Location Monitoring Program as directed by the probation officer for a period of four weeks, and be monitored by Location monitoring technology at the discretion of the probation officer. Location monitoring shall be utilized to verify his compliance with home detention while on the program. The defendant is restricted to his residence at all times except for employment, education, religious services, medical appointments, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities pre-approved by the probation officer.  The defendant shall pay all or part of the costs of the program based upon his ability to pay as determined by the probation officer.

4.      The defendant shall abstain from the use of all alcoholic beverages.

5.      The defendant shall maintain and provide proof of financial responsibility to the California Department of Motor Vehicles and the U.S. Probation Officer as directed, for three years.

6.      The defendant shall successfully complete an approved state-mandated "Second  Offender's  DUI Program" as directed by the probation officer.

7.      The defendant's driving privileges shall be restricted for 180 days, except that the defendant may drive to and from work and to and from his counseling program.  This condition will be deemed satisfied if the defendant's driving privileges were suspended by the California Department of Motor Vehicles as a result of this incident and the defendant provides proof of this suspension.

8.      The defendant's requirement to provide third-party notification to his employer regarding the offense has been suspended until further notice.

AO 245B (Rev. AO 09/11-CAN 12/14) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Thomas Anthony Turner | Judgment - Page 4 of 5 |
| CASE NUMBER:  CR-14-00322-001 MEJ | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 10 | $ 1,500 | N/A |

[ ]     The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]     The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $  0.00 | $  0.00 | |

[ ]     Restitution amount ordered pursuant to plea agreement $

[ ]     The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]     The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  [ ]     the interest requirement is waived for the .

  [ ]     the interest requirement is waived for the  is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. AO 09/11-CAN 12/14) Judgment in Criminal Case

DEFENDANT:  Thomas Anthony Turner                                                    Judgment - Page 5 of 5
CASE NUMBER:  CR-14-00322-001 MEJ

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows[*]:

A    [X]    Lump sum payment of ___$1,510_____ due immediately, balance due

        [ ]    not later than  , or
        [X ]    in accordance with [X] C, [ ] D, or [ ] E, and/or [ ] F below); or

B    [ ]    Payment to begin immediately (may be combined with [ ] C, [ ] D or [ ] F below); or

C    [X]    Payment in equal monthly (e.g., weekly, monthly, quarterly) installments of  _$50 over a period of 48 months (e.g., months or years), to commence 30 days (e.g., 30 or 60 days) after the date of this judgment; or

D    [ ]    Payment in equal  (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to commence  (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within  (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [ ]    Special instructions regarding the payment of criminal monetary penalties:
**When incarcerated, payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]    Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):
[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

[ ]    The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**

[*] Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.